1

2

3

4

5                          UNITED STATES DISTRICT COURT

6                          EASTERN DISTRICT OF CALIFORNIA

7

8    LANCE WILLIAMS,                          Case No. 1:24-cv-01506-CDB (PC)

9                    Plaintiff,               ORDER TO SHOW CAUSE WHY THIS
                                              CASE SHOULD NOT BE DISMISSED AS
10         v.                                 DUPLICATIVE OF CASE NUMBER 1:22-
                                              CV-00095-KES-SKO (PC)
11   A. NOCHA, et al.,
                                              (Doc. 1)
12                   Defendants.
                                              **21-DAY DEADLINE**
13

14         Plaintiff Lance Williams is proceeding pro se in this civil rights action pursuant to 42

15   U.S.C. § 1983.  Plaintiff filed the complaint initiating this action and a Motion to Proceed in

16   Forma Pauperis on December 3, 2024.  (Docs. 1, 2).

17         Previously, on December 16, 2021, Plaintiff filed a civil rights complaint in *Williams v.*

18   *Rocha, et al.*, Case No. 1:22-cv-00095-KES-SKO (PC) ("*Williams I*") (Doc. 1).[1] It appears that

19   Plaintiff's complaint in the instant action advances nearly identical allegations as advanced in the

20   *Williams I* action noted above regarding correctional officers' failure to protect, use of excessive

21   force upon Plaintiff, deliberate indifference to serious medical needs, and retaliation against

22   Plaintiff in violation of his civil rights from June 27, 2021, to August 7, 2021.  (Doc. 1).  On

23   November 6, 2024, the Court dismissed *Williams I* without prejudice based on Plaintiff's motion

24   to dismiss filed on November 4, 2024, that was construed to be an unopposed motion for

25   voluntary dismissal pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.  (*Williams*

26   *I*, Doc. 59 at 3).

27   _____

28   [1] The Court may take judicial notice of court records.  *United States v. Wilson*, 631 F.2d 118, 119
     (9th Cir. 1980).

## I.     SCREENING REQUIREMENT

Because Plaintiff has not paid the filing fee and seeks to proceed *in forma pauperis*, prior to issuance of summonses, the Court will consider and resolve issues such as jurisdiction and whether a complaint states a claim *sua sponte. See Chapman v. Pier 1 Imports (U.S.), Inc*., 631 F.3d 939, 954 (9th Cir. 2011) (subject matter jurisdiction); *Wong v. Bell*, 642 F.2d 359, 361-362 (9th Cir. 1981) (failure to state a claim). When reviewing a complaint *sua sponte*, the Court must dismiss a complaint or portion thereof if the litigant has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant(s) who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).

## II.     DISCUSSION

"A complaint 'that merely repeats pending or previously litigated claims'" is subject to dismissal under 28 U.S.C. § 1915(e).  *Cato v. United States*, 70 F.3d 1103, 1105 (9th Cir. 1995) (quoting *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988)).  "[A] duplicative action arising from the same series of events and alleging many of the same facts as an earlier suit" may be dismissed as frivolous or malicious under section 1915(e).  *See Bailey*, 846 F.2d at 1021. "Dismissal of the duplicative lawsuit, more so than the issuance of a stay or the enjoinment of proceedings, promotes judicial economy and the 'comprehensive disposition of litigation.'" *Adams v. California Dep't of Health Servs.*, 487 F.3d 684, 692 (9th Cir. 2007) (citation omitted), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008).  Thus, "[p]laintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'"  *Adams*, 487 F.3d at 688 (quoting *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977)), overruled on other grounds by *Sturgell*, 553 U.S. at 904.

To determine whether a suit is duplicative, courts "borrow from the test for claim preclusion."  *Adams*, 487 F.3d at 688.  "'[T]he true test of the sufficiency of a plea of 'other suit pending' in another forum [i]s the legal efficacy of the first suit, when finally disposed of, as 'the thing adjudged,' regarding the matters at issue in the second suit.'"  *Id*. (second alteration in original) (quoting *The Haytian Republic*, 154 U.S. 118, 124 (1894)).  "Thus, in assessing whether

the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties . . . to the action, are the same." *Adams*, 487 F.3d at 689; *see Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) ("[A] suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions.") (citation and internal quotation marks omitted).

"After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." *Adams*, 487 F.3d at 688.

In the instant complaint, Plaintiff raises claims against Defendants correctional officers A. Nocha and H. Florez and Lieutenant M. Magallanes, all of whom are employed at Corcoran State Prison.  (Doc. 1 at 1–2).  Plaintiff seeks compensatory and punitive damages of $100,000 from each named Defendant.  (*Id.* at 10).  Plaintiff alleges Defendants Nocha and Florez failed to protect him from being repeatedly harmed by his cellmate on June 27, 2021, and issued to Plaintiff a "115 rules violation" in retaliation.  (*Id.* at 3, 5, 6).  Plaintiff alleges that on July 18, 2021, he was put in imminent danger of serious physical injury from an alleged assault and battery perpetrated by Defendant Florez and threats from Florez and Defendant Magallanes. (*Id.*).  Plaintiff alleges that on July 23, 2021, Florez continued to make threats to Plaintiff's safety. (*Id.* at 6, 7, 8).  Plaintiff alleges that on August 7, 2021, Florez retaliated against Plaintiff by issuing a 115 rules violation and threatened him once again.  (*Id.* at 9).

In his earlier filed complaint before the Honorable U.S. Magistrate Judge Sheila K. Oberto (filed December 16, 2021), Plaintiff raised nearly identical claims against the same named Defendants and sought compensatory and punitive damages of $1,000,000 from each named Defendant.  (*Williams I*, Doc. 1 at 10).

Since Plaintiff's claims appear to be identical to his claims in *Williams I*, the Court will order Plaintiff to show cause why this case should not be dismissed as duplicative of Case No. 1:22-cv-00095-KES-SKO (PC).

///

3

1

2      **CONCLUSION AND ORDER**

3          Accordingly, it is HEREBY ORDERED that **within 21 days** from the date of this order,

4  Plaintiff shall show cause in writing why this case should not be dismissed as duplicative of Case

5  No. 1:22-cv-00095-KES-SKO (PC).

6          **Any failure by Plaintiff to comply with this Order will result in the imposition of**

7  **sanctions, including a recommendation to dismiss of the entire action without prejudice.**

8  Fed. R. Civ. P. 41(b) (stating that dismissal is warranted "[i]f the plaintiff fails to … comply

9  with … a court order"); *see Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689

10 (9th Cir. 2005);

11 IT IS SO ORDERED.

12     Dated:   **December 27, 2024**

       _____
       UNITED STATES MAGISTRATE JUDGE