1

2

3

4

5                     UNITED STATES DISTRICT COURT

6                     EASTERN DISTRICT OF CALIFORNIA

7

8    LANCE WILLIAMS,                    Case No. 1:24-cv-01506-CDB (PC)

9                 Plaintiff,            ORDER DISCHARGING THE COURT'S
                                        DECEMBER 27, 2024, ORDER TO SHOW
10          v.                          CAUSE

11   A. NOCHA, et al.,                  (Doc. 7)

12                 Defendants.          ORDER DIRECTING PLAINTIFF TO FILE
                                        LONG FORM APPLICATION TO
13                                      PROCEED *IN FORMA PAUPERIS*

14                                      (Doc. 2)

15                                      **21-DAY DEADLINE**

16

17          Plaintiff Lance Williams is proceeding pro se in this civil rights action pursuant to 42 U.S.C.

18   § 1983.  Plaintiff filed the complaint initiating this action and a motion to proceed *in forma pauperis*

19   on December 3, 2024.  (Docs. 1, 2).

20          **The Order to Show Cause is Discharged**

21          On December 27, 2024, the Court ordered Plaintiff to show cause in writing why this case

22   should not be dismissed as duplicative of Case No. 1:22-cv-00095-KES-SKO ("*Williams I*").  (Doc.

23   7).  The Court noted that it appears that the instant complaint "advances nearly identical allegations

24   as advanced in the *Williams I* action[,]" which was dismissed without prejudice on November 6,

25   2024, upon Plaintiff's voluntary dismissal pursuant to Rule 41(a)(2) of the Federal Rules of Civil

26   Procedure.[1]  (*Id.* at 1); *see* (*Williams I*, Doc. 59 at 3).

27   _____

28   [1] The Court may take judicial notice of court records.  *United States v. Wilson*, 631 F.2d 118, 119
     (9th Cir. 1980).

On January 15, 2025, Plaintiff timely filed his response to the order to show cause.  (Doc. 8).  Therein, Plaintiff attests that "he dismissed the [first case] without prejudice and" it is his "understanding that without prejudice means the case that was dismissed can be refiled within the 4 year time frame[.]"  (*Id.* at 1).  Plaintiff attests he "does not have two of the same case[s] open" and "the case should not be dismissed as duplicative because [P]laintiff is entitled to file the [instant] case[.]"  (*Id.*).

A plaintiff may voluntarily dismiss its action without prejudice under Rule 41(a) of the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 41(a).  Such a voluntarily dismiss may be had without a court order under either by filing a notice of dismissal before the defendant has answered or moved for summary judgment, or by filing a stipulation of dismissal signed by all parties who have appeared.  Fed. R. Civ. P. 41(a)(1)(A)(i)&(ii).  "Such a voluntary dismissal is presumed to be 'without prejudice' unless it states otherwise, but a voluntary dismissal of a second action operates as a dismissal on the merits if the plaintiff has previously dismissed an action involving the same claims.  This is known as the 'two dismissal rule.'"  *Commercial Space Management Co., Inc. v. Boeing Co., Inc.*, 193 F.3d 1074, 1076 (9th Cir. 1999).  Alternatively, a party may dismiss an action by filing a motion requesting the Court to dismiss the action.  Fed. R. Civ. P. 41(a)(2).  Unless indicated otherwise, the dismissal is without prejudice.  (*Id.*); *Smith v. Lenches*, 263 F.3d 972, 976 (9th Cir. 2001) ("A dismissal under Rule 41(a)(2) normally is without prejudice, as explicitly stated in that rule.").

The Court has considered Plaintiff's representation in response to the order to show cause and concludes that this action is not barred as duplicative from the two-dismissal rule.  That is because the Court in *Williams I* granted Plaintiff's unopposed motion for voluntary dismissal without prejudice under Rule 41(a)(2).  (*Williams I*, Doc. 59 at 2-3).  Nor is Plaintiff's action time-barred by the statute of limitations.  *See Usher v. Los Angeles*, 828 F.2d 556, 558 (9th Cir. 1987) (the statute of limitations in a section 1983 action is derived from the forum state's statute of limitations for personal injury actions).  Under California law, a prisoner serving a term less than life has four years to bring a personal injury action.  Cal. Code of Civ. Proc. §§ 335.1, 352.1(a).  Therefore, Plaintiff's action, which arises from an alleged incident dated June 27, 2021, is not

1    barred by the statute of limitations.  (Doc. 1 at 3).

2       Thus, the Court will discharge the show cause order and address Plaintiff's motion to

3    proceed *in forma pauperis* below.  However, Plaintiff is cautioned that any voluntary dismissal of

4    the instant action in the future would be with prejudice under Rule 41(a).  *See* Fed. R. Civ. P.

5    41(a)(1)(B).

6        **Order to File Long Form Application to Proceed *In Forma Pauperis***

7       Plaintiff does not appear to have been a "prisoner" as at the time he filed this action.

8    Plaintiff's address in his complaint appears to be a private residential address.  (Doc. 1 at 1).

9    Plaintiff does not indicate he is incarcerated in his motion to proceed *in forma pauperis*.  (Doc. 2

10   at 1).  Therefore, neither the filing fee provisions of 28 U.S.C. § 1915(b), nor § 1915(c)'s "three

11   strikes" bar apply to this case.  *See Andrews v. King*, 398 F.3d 1113, 1122 (9th Cir. 2005).

12      While Plaintiff may not be subject to the Prison Litigation Reform Act's ("PLRA")

13   requirement that a prisoner-plaintiff exhaust administrative remedies and provide copies of prisoner

14   trust fund account statements in support of any IFP application, he must otherwise comply with the

15   requirement under 28 U.S.C. § 1915 and Local Rule 121 to submit a financial affidavit in support

16   of his request to proceed *in forma pauperis*.  28 U.S.C. § 1915.  Plaintiff did not pay the filing fee

17   in this action and, instead, applied to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

18   (Doc. 2).

19      However, Plaintiff's application demonstrates that his income and resources could be above

20   the poverty threshold and/or that the information provided is insufficient for the Court to determine

21   whether he is entitled to proceed without prepayment of fees in this action.  Specifically, Plaintiff

22   represents he receives "roughly $800 a month in disability" while having "$2000 a month in rent,

23   $400 in transportation[,] $200 in miscellaneous payments [e.g.,] storage [and] phone, [and] $600 a

24   month in food."  (*Id.* at 1-2).  Plaintiff also represents he "owe[s] taxes in [the] amount of

25   $1,700.00[.]"  (*Id.* at 2).  In order to cover the expenses listed, it appears to the Court that Plaintiff

26   may have other unreported sources of income or assets.

27      Accordingly, the Court orders Plaintiff to complete and file an Application to Proceed in

28   District Court Without Prepaying Fees or Costs (Long Form)—AO 239.  If Plaintiff is unwilling to

1   complete and submit the long form application, Plaintiff must pay the filing fee in full.

2   **CONCLUSION AND ORDER**

3       Accordingly, it is HEREBY ORDERED:

4   1.  The Court's December 26, 2024, order to show cause (Doc. 7) is DISCHARGED;

5   2.  The Clerk of the Court is DIRECTED to forward Plaintiff Lance Williams an Application

6       to Proceed in District Court Without Prepaying Fees or Costs (Long Form)—AO 239; and

7   3.  **Within 21 days of service of this order**, Plaintiff shall either (1) pay the $405.00 filing fee

8       for this action, or (2) complete and file an Application to Proceed in District Court Without

9       Prepaying Fees or Costs (Long Form)—AO 239.

10      **Any failure by Plaintiff to timely comply with this order may result in the imposition**

11  **of sanctions, including and up to a recommendation that the action be dismissed**.

12  IT IS SO ORDERED.

13    Dated:  __January 16, 2025__           _____

14                              UNITED STATES MAGISTRATE JUDGE

4