UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS,<br><br>        Plaintiff,<br><br>    v.<br><br>A. NOCHA, et al.,<br><br>        Defendants. | Case No. 1:24-cv-01506-CDB (PC)<br><br>ORDER DIRECTING PLAINTIFF TO PROVIDE ADDITIONAL INFORMATION IN SUPPORT OF APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>(Doc. 12)<br><br>**14-DAY DEADLINE** |

Plaintiff Lance Williams is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint initiating this action and a motion to proceed *in forma pauperis* on December 3, 2024. (Docs. 1, 2).

**Application to Proceed *In Forma Pauperis***

Plaintiff did not pay the filing fee and instead applied to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Doc. 2).

On January 16, 2025, because Plaintiff's application demonstrated that his income and resources could be above the poverty threshold and the information provided was insufficient for the Court to determine whether he is entitled to proceed without prepayment of fees in this action, the Court ordered Plaintiff to file a long-form application. (Doc. 9). The Court noted that Plaintiff represents in his initial application that he receives "roughly $800 a month in disability" while having "$2000 a month in rent, $400 in transportation[,] $200 in miscellaneous payments [e.g.,] storage [and] phone, [and] $600 a month in food" and that he "owe[s] taxes in [the] amount of $1,700.00[.]" (*Id.* at 3). The Court noted that in order to cover the expenses listed, it appears to the Court that Plaintiff may have other unreported sources of income or assets. (*Id.*). On February

6, 2025, Plaintiff filed a long-form application to proceed *in forma pauperis*. (Doc. 12).

To proceed in court without prepayment of the filing fee, a plaintiff must submit an affidavit demonstrating that he "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The right to proceed without prepayment of fees in a civil case is a privilege and not a right. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 198 n.2 (1993); *see Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("permission to proceed in forma pauperis is itself a matter of privilege and not right; denial of in forma pauperis does not violate the applicant's right to due process"), *abrogated on other grounds*, *Neitzke v. Williams*, 490 U.S. 319 (1989). A plaintiff need not be absolutely destitute to proceed *in forma pauperis* and the application is sufficient if it states that due to poverty, the applicant is unable to pay the costs and still be able to provide himself and his dependents with the necessities of life. *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948). Whether to grant or deny an application to proceed without prepayment of fees is an exercise of the district court's discretion. *See Escobedo v. Applebees*, 787 F.3d 1226, 1236 (9th Cir. 2015).

Plaintiff attests in the long-form application that his total monthly income is $1,623.00 from disability ($1600.00) and public assistance ($23.00). (Doc. 12 at 2). He represents that he is on disability and gets "888.00 or that times 2" and his "disability ends soon on 2-1-2025." (*Id.* at 5).

In assessing whether a certain income level meets the poverty threshold under § 1915(a)(1), courts look to the federal poverty guidelines developed each year by the Department of Health and Human Services. *E.g., Elmer v. Comm'r of Soc. Sec.*, No. 1:22-cv-01045-AWI-SAB, 2022 WL 5237463, at *2 (E.D. Cal. Sep. 21, 2022) (citing *Lint v. City of Boise*, No. CV09-72-S-ELJ, 2009 WL 114942, at *2 (D. Idaho. Apr. 28, 2009) (collecting cases)), *F&R adopted*, 2022 WL 9452375 (E.D. Cal. Oct. 14, 2022). Plaintiff does not claim a spouse or any dependents. (Doc. 12 at 3). The 2025 Poverty Guidelines for the 48 contiguous states for a household of one is $15,650. 2025 Poverty Guidelines, https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines (last visited February 7, 2025). Given Plaintiff's representation that his disability income has ended on February 1, 2025, it appears Plaintiff's reported income lies below the poverty threshold.

Plaintiff also claims monthly expenses of $13,400.00, which starkly exceeds his reported

income. (Doc. 12 at 4-5). Plaintiff claims the following itemized monthly expenses: $2000.00 rent or home mortgage payment; $200.00 utilities; $600.00 food; $200.00 clothing; $100.00 laundry and dry-cleaning; $200.00 transportation; $100.00 in credit card ("Summit") installment payments; and $10,000.00 in court fees. (*Id.*). Insofar as Plaintiff's representation of having $10,000.00 in monthly court fees is advertent error, *e.g.*, in failing to adjust those payments to show a monthly rate as instructed on the AO 239 Application, the Court will disregard those monthly expenses at this time pending Plaintiff's clarification as to these fees.

As noted above, Plaintiff reports that his disability ends on February 1, 2025. (Doc. 12 at 5). Plaintiff does not report any employment history. (*Id.* at 2). Notably, Plaintiff states that he has $0.00 in his credit union bank account or any other financial institution. (*Id.* at 2).

Plaintiff's application demonstrates that he is able to afford an estimated $3,400.00 in monthly expenses despite receiving only $1,623.00 before his disability was expected to end on February 2, 2025, and only $23.00 of reported income thereafter, and purportedly having no money in any bank accounts or in any other financial institution. Therefore, Plaintiff's reported household income and pleadings do not suggest that Plaintiff is living in poverty.

**Conclusion and Order**

Accordingly, Plaintiff is **ORDERED** to make a supplemental filing within 14 days of entry of this order explaining the discrepancies noted above in his initial and long-form applications to proceed *in forma pauperis*. Alternatively, Plaintiff may pay the $405.00 filing fee for this action in full. **Any failure by Plaintiff to timely comply with this order will result in a recommendation that Plaintiff's application to proceed *in forma pauperis* be denied, and may result in the imposition of sanctions, including and up to a recommendation that the action be dismissed**.

IT IS SO ORDERED.

Dated: **February 7, 2025**                    _____
                                                UNITED STATES MAGISTRATE JUDGE