UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS,<br><br>            Plaintiff,<br><br>      v.<br><br>A. NOCHA, et al.,<br><br>            Defendants. | Case No. 1:24-cv-01506-CDB (PC)<br><br>ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>(Docs. 2, 12) |

Plaintiff Lance Williams is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff did not pay the filing fee in this action and, instead, applied to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Doc. 2).

Given that Plaintiff's address as reflected in his complaint is a private residential address, it does not appear Plaintiff was a "prisoner" at the time he commenced this action. (Doc. 1 at 1). Further, Plaintiff does not indicate he is incarcerated in his motion to proceed *in forma pauperis*. (Doc. 2 at 1). Therefore, neither the filing fee provisions of 28 U.S.C. § 1915(b), nor § 1915(c)'s "three strikes" bar apply to this case. *See Andrews v. King*, 398 F.3d 1113, 1122 (9th Cir. 2005). And while Plaintiff may not be subject to the Prison Litigation Reform Act's ("PLRA") requirement that a prisoner-plaintiff exhaust administrative remedies and provide copies of prisoner trust fund account statements in support of any IFP application, he must otherwise comply with the requirement under 28 U.S.C. § 1915 and Local Rule 121 to submit a financial affidavit in support of his request to proceed *in forma pauperis*. 28 U.S.C. § 1915.

///

///

**Motion to Proceed *In Forma Pauperis***

To proceed in court without prepayment of the filing fee, a plaintiff must submit an affidavit demonstrating that he "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The right to proceed without prepayment of fees in a civil case is a privilege and not a right. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 198 n.2 (1993); *see Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("permission to proceed in forma pauperis is itself a matter of privilege and not right; denial of in forma pauperis does not violate the applicant's right to due process"), *abrogated on other grounds*, *Neitzke v. Williams*, 490 U.S. 319 (1989). A plaintiff need not be absolutely destitute to proceed *in forma pauperis* and the application is sufficient if it states that due to poverty, the applicant is unable to pay the costs and still be able to provide himself and his dependents with the necessities of life. *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948). Whether to grant or deny an application to proceed without prepayment of fees is an exercise of the district court's discretion. *See Escobedo v. Applebees*, 787 F.3d 1226, 1236 (9th Cir. 2015).

Here, on January 16, 2025, because Plaintiff's application demonstrated that his income and resources could be above the poverty threshold and the information provided was insufficient for the Court to determine whether he is entitled to proceed without prepayment of fees, the Court ordered Plaintiff to file a long-form application to proceed *in forma pauperis*, which Plaintiff filed on February 6, 2025. (Docs. 9, 12). On February 7, 2025, the Court directed Plaintiff to provide additional information in support of his application to proceed *in forma pauperis*. (Doc. 13). The Court noted Plaintiff's long-form application demonstrates that he is able to afford an estimated $3,400.00 in monthly expenses despite receiving only $1,623.00 before his disability was expected to end on February 2, 2025, and only $23.00 of reported income after his disability ended, and purportedly having no money in any bank accounts or in any other financial institution. (*Id.* at 3).

On February 26, 2025, Plaintiff timely filed a supplemental filing providing additional information in support of his application to proceed *in forma pauperis*. (Doc. 16). In the supplemental filing, Plaintiff clarifies the discrepancies in his applications to proceed IFP. (*Id.*).

2

1    Plaintiff represents that at no time did he say he can afford anything as he simply "stated what his
2    expenses are" and doing so "does not mean he can afford [the expenses]." (*Id.* at 1). Plaintiff
3    represents that he cannot afford his expenses "and is in grave debt due to not being able to afford
4    his expenses[.]" (*Id.*). Plaintiff clarifies that his disability expires now on February 28, 2025, and
5    "at that time [he] will have no funds coming in and no ability to pay for anything." (*Id.*).

6    The Court finds Plaintiff has made the showing required by § 1915, and the request to
7    proceed *in forma pauperis* will be granted.

8                                *     *     *     *     *

9    As to the status of the complaint, pursuant to 28 U.S.C. § 1915(e)(2), the Court conducts
10   an initial review of pro se complaints where the plaintiff proceeds *in forma pauperis* to determine
11   whether the complaint is legally sufficient under the applicable pleading standards. The Court
12   must dismiss a complaint, or portion thereof, if the Court determines that the complaint is legally
13   frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary
14   relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the Court
15   determines that the complaint fails to state a claim, leave to amend may be granted to the extent
16   that the deficiencies in the complaint can be cured by amendment.

17   Plaintiff's complaint will be screened in due course.[1] If appropriate after the case has
18   been screened, the Clerk of the Court will provide Plaintiff with the requisite forms and
19   instructions to request the assistance of the United States Marshal in serving Defendants pursuant
20   Rule 4 of the Federal Rules of Civil Procedure.

---

[1] As discussed in the Court's December 27, 2024, Order, Plaintiff raised nearly identical claims against the same named Defendants in his earlier filed complaint before the Honorable U.S. Magistrate Judge Sheila K. Oberto in 1:22-cv-00095-KES-SKO (PC) ("*Williams I*"). (Doc. 7 at 3). On March 10, 2023, Judge Oberto entered the First Screening Order, finding Plaintiff's complaint stated cognizable Eighth Amendment claims against Defendants Rocha, Florez, and Magallanes, and First Amendment claims against Defendants Rocha and Florez, but failed to state any other cognizable claims for relief against any other defendant. (*Williams I* Doc. 20 at 7-13). On April 3, 2023, Plaintiff filed a notice electing to proceed only on the claims found cognizably by the Court. (*Williams I* Doc. 23). Thus, on June 30, 2023, Judge Oberto ordered that the *Williams I* action proceeded on the cognizable claims and dismissed the remaining claims in Plaintiff's complaint. (*Williams I* Doc. 27). The Court notes here that the screening of Plaintiff's complaint (Doc. 1) will include consideration and application of Judge Oberto's previous findings dismissing claims not found cognizable (*Williams I* Docs. 20, 27).

**Conclusion and Order**

Accordingly, it is HEREBY ORDERED that Plaintiff's motion to proceed *in forma pauperis* (Docs. 2, 12), for good cause appearing, is GRANTED.

IT IS SO ORDERED.

Dated:   **March 4, 2025**

UNITED STATES MAGISTRATE JUDGE