UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

LANCE WILLIAMS,

Plaintiff,

v.

A. ROCHA, et al.,

Defendants.

Case No.: 1:24-cv-001506-JLT-CDB

**ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED FOR PLAINTIFF'S FAILURE TO OPPOSE DEFENDANTS' MOTION TO DISMISS**

14-Day Response Deadline

Plaintiff Lance Williams is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. section 1983.

**I. INTRODUCTION**

On August 14, 2026, Defendants Florez, Magallanes, and Rocha filed a motion to dismiss, including a request for judicial notice. (Doc. 33.) Despite the passage of more than 21 days, Plaintiff has failed to file either an opposition or a statement of non-opposition to Defendants' pending motion to dismiss.

**II. DISCUSSION**

This Court's Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide that a "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." *See* Local Rule 110. Further, Local Rule 230

states, in relevant part:

> Opposition, if any, to the granting of the motion shall be served and filed by the responding party not more than twenty-one (21) days after the date of service of the motion. A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question. Failure of the responding party to file an opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions.

Local Rule 230(*l*). Therefore, Plaintiff's opposition or statement of non-opposition to Defendants' pending motion to dismiss was due on or before September 8, 2026 (*see* Fed. R. Civ. P. 6(a)(1) & (d).) Notably, because Plaintiff is no longer incarcerated, he is not entitled to any additional time for purposes of mailing.[1] Rather, Plaintiff must ensure his pleadings or documents are *received and filed* with the Court *on or before the deadline*. To date, Plaintiff has failed to timely file an opposition or statement of non-opposition, and the time to do so has now passed.

**III. CONCLUSION AND ORDER**

Accordingly, the Court **ORDERS** Plaintiff to show cause in writing, **<u>within 14 days</u>** of the date of service of this order, why sanctions should not be imposed for his failure to comply with the Federal Rules of Civil Procedure and this Court's Local Rules. Alternatively, within that same time, Plaintiff may file an opposition or statement of non-opposition to Defendants' motion to dismiss filed August 14, 2026.

***This page left intentionally blank***

---

[1] *See, e.g.*, *Gelazela v. United States*, No. 1:21-cv-01499-JLT-EPG (PC), 2024 WL 3675609, at *8, n.2 (E.D. Cal. Aug. 5, 2024) (finding the mailbox rule does not apply because plaintiff was released from custody when he filed his complaint); *Emasealu v. Gomez*, No. 1:22-cv-01326-HBK (PC), 2023 WL 5614937, at *1, n.2 (E.D. Cal. Aug. 30, 2023) ("Because Plaintiff is no longer incarcerated, he is not entitled to the mailbox rule"); *Estrada v. North Kern State Prison*, No. 1:18-cv-00667-DAD-SAB (PC), 2020 WL 590114, at *2 (E.D. Cal. Feb. 6, 2020) ("the Court reminds Plaintiff that, now that he has been released from custody, the prison mailbox rule no longer applies to his filings. … In the future, Plaintiff should ensure that any motions for extension of time, or other responses to Court deadlines, are mailed to the Court so they will be received by the applicable deadline").

**Any failure by Plaintiff to comply with this Order to Show Cause (OSC) may result in the motion being considered unopposed and/or a recommendation that this action be dismissed for Plaintiff's failure to comply with court orders and failure to prosecute**.

IT IS SO ORDERED.

Dated: **September 9, 2026**

UNITED STATES MAGISTRATE JUDGE